RECEIVED JUN 21 2012 Auditor / Treasurer Itasca County, Minn.

(232)

| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF ITASCA | NINTH JUDICIAL DISTRICT |
| | Case type: Other Civil |

---

Christopher Larson,

    Plaintiff,

vs.

County of Itasca,

    Defendant.

**SUMMONS**

**ADVISORY JURY TRIAL REQUESTED**

Civil Action No. _____

---

**TO: DEFENDANT COUNTY OF ITASCA:**

You are hereby summoned and required to serve upon Plaintiff's attorney an answer to the Complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Rule 114 of the Minnesota General Rules of Practice provides for use of alternative dispute resolution in most cases. Notice of ADR processes will be provided by the Court Administrator in the future.

MINNESOTA DISABILITY LAW CENTER

Dated: June 21, 2012

By _____
Roderick J. Macpherson III
Attorney ID No. 66163
Attorneys for Plaintiff
430 First Avenue North, Suite 300
Minneapolis, MN 55401
Telephone: (612) 746-3731
Facsimile: (612) 334-5755
E-Mail: rjmacpherson@mylegalaid.org

1106-0319324--965831.doc

| | |
|---|---|
| STATE OF MINNESOTA<br>COUNTY OF ITASCA | DISTRICT COURT<br>NINTH JUDICIAL DISTRICT<br>Case type: Other Civil |

| | |
|---|---|
| Christopher Larson,<br><br>        Plaintiff,<br><br>vs.<br><br>County of Itasca<br><br>Defendant. | **COMPLAINT**<br><br>**ADVISORY JURY TRIAL REQUESTED**<br><br>Civil Action No. _____ |

## I. INTRODUCTION

1. Christopher Larson is a deaf man who was incarcerated in the Itasca County Jail (hereafter referred to as "the Jail") on two occasions: The first incarceration was from November 11 - 12, 2010. The second was from January 31 - February 1, 2011. Defendant Itasca County, which is responsible for the operation of the Itasca County Jail, did not provide an American Sign Language (ASL) interpreter at any time during either of the occasions when Mr. Larson was incarcerated. In addition, Defendant provides various services and programs for inmates of the Jail, including providing telephones to allow inmates to communicate with friends, family, and other people while they are incarcerated. The Defendant did not provide appropriate auxiliary aids and services, including TTY devices, to allow Mr. Larson to fully and equally use and benefit from the telephone services Defendant provides to other inmates of the Jail.

2. Mr. Larson brings this legal action pursuant to the Minnesota Human Rights Act (Minn. Stat. § 363A.12), the Americans with Disabilities Act (ADA) (42 U.S.C. § 12132), the

Federal Rehabilitation Act (29 U.S.C. § 794) and Minnesota common law, to obtain declaratory relief and injunctive relief required by the law. Plaintiff also requests compensatory and punitive damages, as well as civil damages, pursuant to law and seeks to recover statutory attorney's fees.

3. Plaintiff requests an advisory jury for the trial of this case.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's case pursuant to Minn. Stat. §§ 363A.12 and 363A.33.

5. Venue is proper within this District pursuant to Minn. Stat. § 542.01.

## III. PARTIES

6. Plaintiff, Christopher Larson, resides in Goodhue County, Minnesota.

7. Mr. Larson is a deaf individual, whose hearing is severely limited.

8. Mr. Larson's primary language is American Sign Language (ASL), which he uses to communicate with hearing people and with deaf people. When he communicates with hearing people, he uses an ASL interpreter to assure effective communication with people who are hearing and who do not use ASL.

9. Defendant Itasca County is a political subdivision in the State of Minnesota, specifically it is a county.

10. Defendant is a public service, as defined by the Minnesota Human Rights Act, Minn. Stat. § 363A.03, subdiv. 34.

11. Defendant Itasca County operates the Itasca County Jail, located in Grand Rapids, Minnesota, which is one of its programs and services, as that term is used by Minn. Stat. § 363A.12.

## IV. FACTS

### November 2010 Incarceration

12.     On November 11, 2010, Plaintiff was arrested and incarcerated by Defendant in the Itasca County Jail, where he was held from November 11-12, 2010.

13.     Defendant knew Plaintiff was deaf and that he needed ASL interpreters and other auxiliary aids and services.

14.     Defendant failed to provide an ASL interpreter for communications between its staff and Mr. Larson at any time during Plaintiff's incarceration in November 2010.

15.     Defendant provides telephones which inmates in the Itasca County Jail can use to make telephone calls to friends, family, loved ones and other people while they are incarcerated.

16.     Plaintiff could not use the telephones at the Jail, because he is deaf.

17.     Plaintiff asked Defendant's staff at the Jail for a TTY device, or other auxiliary aid or service, on at least one occasion while he was incarcerated in the Jail in November 2010.

18.     Defendant failed to provide a TTY device Plaintiff could use to make calls to people outside the Jail during Plaintiff's incarceration in November 2010.

### 2011 Incarceration

19.     Mr. Larson was incarcerated a second time in the Itasca County Jail between January 31 and February 1, 2011 (hereafter "the 2011 incarceration").

20.     Before Mr. Larson arrived at the Itasca County Jail for the 2011 incarceration, Defendant knew Mr. Larson was deaf and knew that he would need auxiliary aids and services while he was incarcerated.

21.     When Mr. Larson arrived at the Jail on January 31, 2011, Defendant had not made arrangements for appropriate auxiliary aids and services (including an ASL interpreter) that were

necessary for Mr. Larson to fully and equally use and benefit from the programs, services and activities Defendant provides to other inmates of the Jail.

22. Defendant did not provide an ASL interpreter to interpret any communication between its Jail staff and Mr. Larson during his booking and admission into the Jail for the 2011 incarceration.

23. Plaintiff asked Defendant's staff for a TTY device during his 2011 incarceration.

24. Defendant did not provide a TTY Plaintiff could use to communicate with people outside the Itasca County Jail on January 31, 2011, when Plaintiff was incarcerated in the Jail. As a result of Defendant's failure provide a TTY for Plaintiff, Plaintiff was not able to make phone calls and communicate with people outside the Jail, like other inmates could do.

25. Defendant did not provide a TTY for Plaintiff until February 1, 2011, the day Plaintiff was released from the Itasca County Jail. Defendant's staff did not know how to install or operate the TTY device.

26. As a result of Defendant's actions, its failures to act, and its policies and practices, Mr. Larson has suffered, and continues to suffer, emotional injuries, including but not limited to, humiliation, embarrassment, and anxiety.

## V. FIRST CAUSE OF ACTION

### VIOLATION OF MINNESOTA HUMAN RIGHTS ACT

27. Plaintiff re-alleges the contents in Paragraphs 1-26 of this Complaint and incorporates their contents into this Cause of Action by reference.

28. Defendant County of Itasca is an entity covered by the Public Services section of the Minnesota Human Rights Act (Minn. Stat. § 363A.12).

29. Defendant's failure to provide Mr. Larson with appropriate auxiliary aids and services when he was incarcerated has denied, and continues to deny, Mr. Larson full and equal

4

use of and benefit from the Defendant's services, facilities, privileges, advantages, and accommodations at the Itasca County Jail based on his disability in violation of Minn. Stat. § 363A.12. This includes specifically, but is not limited to, the following actions:

    a. Defendant's failure to provide an ASL interpreter for communications during the booking and intake procedure for Mr. Larson on each of the two occasions when Plaintiff was incarcerated (November 2010 and the 2011 incarceration); and

    b. Defendant's failure to provide a TTY or other effective auxiliary aid or service to allow him to communicate equally and effectively with people outside the Jail on each of the two occasions when Plaintiff was incarcerated (November 2010 and the 2011 incarceration).

30. Defendant's actions, failures, policies and practices also failed to ensure Plaintiff program access to its programs, services and facilities, in violation of Minn. Stat. § 363A.12 and 363A.03 subdiv. 33.

31. Defendant's actions, omissions, policies and practices have subjected Mr. Larson to illegal discrimination by reason of his disability.

32. As a result of Defendant's actions, omissions, policies and practices, and its violation of the Minnesota Human Rights Act described in this Complaint, Plaintiff suffered the harm described in Paragraph 26 of this Complaint.

## VI. SECOND CAUSE OF ACTION
## VIOLATION OF THE ADA

33. Plaintiff re-alleges the contents of Paragraphs 1 through 32 of this Complaint and incorporates their contents into this Cause of Action by reference.

34. Defendant County of Itasca is a public entity covered by Title II of the Americans with Disabilities Act (42 U.S.C. § 12132).

35. Defendant County of Itasca is responsible for operating, managing and supervising the Itasca County Jail.

use of and benefit from the Defendant's services, facilities, privileges, advantages, and accommodations at the Itasca County Jail based on his disability in violation of Minn. Stat. § 363A.12. This includes specifically, but is not limited to, the following actions:

    a. Defendant's failure to provide an ASL interpreter for communications during the booking and intake procedure for Mr. Larson on each of the two occasions when Plaintiff was incarcerated (November 2010 and the 2011 incarceration); and

    b. Defendant's failure to provide a TTY or other effective auxiliary aid or service to allow him to communicate equally and effectively with people outside the Jail on each of the two occasions when Plaintiff was incarcerated (November 2010 and the 2011 incarceration).

30. Defendant's actions, failures, policies and practices also failed to ensure Plaintiff program access to its programs, services and facilities, in violation of Minn. Stat. § 363A.12 and 363A.03 subdiv. 33.

31. Defendant's actions, omissions, policies and practices have subjected Mr. Larson to illegal discrimination by reason of his disability.

32. As a result of Defendant's actions, omissions, policies and practices, and its violation of the Minnesota Human Rights Act described in this Complaint, Plaintiff suffered the harm described in Paragraph 26 of this Complaint.

## VI. SECOND CAUSE OF ACTION
## VIOLATION OF THE ADA

33. Plaintiff re-alleges the contents of Paragraphs 1 through 32 of this Complaint and incorporates their contents into this Cause of Action by reference.

34. Defendant County of Itasca is a public entity covered by Title II of the Americans with Disabilities Act (42 U.S.C. § 12132).

35. Defendant County of Itasca is responsible for operating, managing and supervising the Itasca County Jail.

36. Defendant's failure to provide an ASL interpreter to ensure adequate and effective communication with Plaintiff during his two periods of incarceration in the Itasca County Jail violated the prohibition against discrimination contained in Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and its implementing regulations (28 C.F.R. Part 35).

37. Defendant's failure to use and provide a TTY or other effective auxiliary aids Plaintiff could use to communicate with people outside the Itasca County Jail during the times he was incarcerated violated the prohibition against discrimination contained in Title II of the Americans with Disabilities Act 42 U.S.C. § 12132 and its implementing regulations (28 C.F.R. Part 35).

38. Defendant's actions, omissions, policies and practices discriminated against Plaintiff on the basis of disability and denied him the equal benefit of its services, programs and activities in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and its implementing regulations (28 C.F.R. Part 35).

39. As a result of Defendant's actions, omissions, policies and practices, Plaintiff suffered the emotional harm described in Paragraph 26 of this Complaint.

## VII. THIRD CAUSE OF ACTION
## VIOLATION OF THE FEDERAL REHABILITATION ACT

40. Plaintiff re-alleges the contents of Paragraphs 1 through 39 of this Complaint and incorporates them into this Cause of Action by reference.

41. To the best of Plaintiff's information and belief, Defendant County of Itasca is an entity which receives funding from the United States Government for the operation of the Itasca County Jail and is, therefore, covered by the Federal Rehabilitation Act (29 U.S.C. 794).

42. Defendant's failure to provide an ASL interpreter to ensure adequate and effective communication with Plaintiff during the times he was incarcerated in the Itasca County Jail

violated the prohibition against discrimination based on disability contained in the Federal Rehabilitation Act (29 U.S.C. § 794) and its implementing regulations.

43. Defendant's failure to provide a TTY or other effective auxiliary aid which Plaintiff could use to communicate with people outside the Jail during the periods of time when he was incarcerated violated the prohibition against discrimination contained in the Federal Rehabilitation Act (29 U.S.C. § 794) and its implementing regulations.

44. As a result of Defendant's actions, omissions, policies and practices, Plaintiff suffered the emotional harm described in Paragraph 26 of this Complaint.

### VIII. FOURTH CAUSE OF ACTION
### NEGLIGENCE

45. Plaintiff re-alleges the contents of Paragraphs 1 through 44 of this Complaint and incorporates their contents into this Cause of Action by reference.

46. Plaintiff is a person disabled in communication as that term is defined by Minn. Stat. § 611.30.

47. Defendant has a statutory duty to provide ASL interpreters to communicate with Plaintiff during his incarceration certain information required by Minn. Stat. § 611.32, including, but not limited to, information concerning procedures relating to their detainment and release.

48. Defendant failed to provide ASL interpreters to communicate to Plaintiff the information requested by Minn. Stat. § 611.32.

49. As a result of Defendant's breach of its duty, Plaintiff suffered the emotional harm described in Paragraph 26 of this Complaint.

## VI. RELIEF REQUESTED

Plaintiff, therefore, respectfully requests that this Court issue the following relief:

1. Issue a declaratory judgment that Defendant's actions, omissions, policies and practices described in this Complaint violated the rights of Plaintiff and other deaf people under the Minnesota Human Rights Act, the Americans with Disabilities Act (ADA), the Federal Rehabilitation Act, and Minnesota common law.

2. Issue its order for injunctive relief directing Defendants to:

   a. Provide qualified ASL interpreters for communications with their staff during the booking and admission procedures at the Jail;

   b. Provide deaf inmates access to appropriate and effective auxiliary aids that will allow them to communicate with people outside the Jail; and

   c. Take other appropriate corrective actions, including, but not limited to, training its staff, which will ensure Defendant fully complies with its obligations under Minnesota Human Rights Act, the Americans with Disabilities Act (ADA), the Federal Rehabilitation Act, and Minnesota common law.

3. Award compensatory damages in an amount in excess of Fifty-Thousand Dollars ($50,000), pursuant to Minn. Stat. § 363A.33, subdiv. 6, and Minn. Stat. § 363A.29, subdiv. 4, the ADA, the Federal Rehabilitation Act and Minnesota common law ;

4. Award punitive damages in the amount of Twenty-Five Thousand Dollars ($25,000), pursuant to Minn. Stat. § 363A.33, subdiv. 6, and Minn. Stat. § 363A.29, subdiv. 4;

5. Award treble damages, pursuant to Minn. Stat. § 363A.33, subdiv. 6, and Minn. Stat. § 363A.29, subdiv. 4;

6. Order Defendant to pay a civil penalty pursuant to Minn. Stat. § 363A.33, subdiv. 6, and Minn. Stat. § 363A.29, subdiv. 4; and

7.  Awarding Plaintiff statutory attorneys' fees and expenses pursuant to Minn. Stat. § 363A.33, subdiv. 7, the ADA, and the Federal Rehabilitation Act.

MINNESOTA DISABILITY LAW CENTER

Dated: June 21, 2012

*[signature]*
Roderick J. Macpherson III (#66163)
Attorneys for Plaintiff
430 First Avenue North, Suite 300
Minneapolis, MN 55401
Telephone: (612) 746-3731
Facsimile: (612) 334-5755
E-Mail: rjmacpherson@mylegalaid.org

## ACKNOWLEDGMENT REQUIRED BY MINN. STAT. § 549.21, SUBDIV. 1

The undersigned hereby acknowledges that pursuant to Minn. Stat. § 549.21, subdiv. 2, costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find that the undersigned acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the Court.

Respectfully submitted,

MINNESOTA DISABILITY LAW CENTER

Date: 21 June 2012

By: *[signature]*
Roderick J. Macpherson III
Attorney ID No. 66163

1106-0319324-956113.docx